UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JEFFERSONKING ANYANWU,<br><br>Petitioner,<br>v.<br><br>LAURA HERMOSILLO, et al,<br><br>Respondents. | CASE NO. C26-3099JLR<br><br>ORDER |

## I. INTRODUCTION

Before the court is *pro se* Petitioner Jeffersonking Anyanwu's petition for a writ of habeas corpus under 28 U.S.C. § 2241. (Pet. (Dkt. # 6); Traverse (Dkt. # 14).) The Government[1] opposes the petition. (Return (Dkt. # 9).) The court has considered the parties' submissions, the record, and the governing law. Being fully advised, the court DENIES the petition.

[1] The Federal Respondents are Secretary Department of Homeland Security Markwayne Mullin and United States Attorney General Todd Blanche (together the "Government").

## II. BACKGROUND

This is Petitioner's fourth habeas petition in this District and second petition before this court. *See* Order, *Anyanwu v. Scott* ("*Anyanwu III*"), No. C26- 1411JLR, (W.D. Wash. Aug. 6, 2026), Dkt. # 22;; *Anyanwu v. Bondi*, No. C25- 0995JLR, 2025 WL 3187485 (W.D. Wash. Nov. 14, 2025); *Anyanwu v. ICE Field Off. Dir.*, No. C24-0964TSZ, 2024 WL 4626381 (W.D. Wash. Oct. 30, 2024). The court set forth the factual and procedural background of this matter in its prior order and repeats that background only as necessary to resolve the current petition. *See Anyanwu III*, at 2-3.

Petitioner is a citizen of Nigeria presently detained at the Northwest ICE Processing Center in Tacoma, Washington. (Pet. at 1.) On January 26, 2024, an Immigration Judge ("IJ") issued a final order of removal designating Nigeria as the country of removal and denied all forms of relief. (*Id*. at 2.) Petitioner appealed the IJ's removal order first to the Bureau of Immigration Appeals and then to the Ninth Circuit, which denied his petition for review, issued the mandate, and lifted the stay of removal on August 19, 2026. (Reed Decl. (Dkt. # 10) ¶¶ 4, 6); *see also Anyanwu v. Blanche*, No. C24-6426, Dkt. No. 30 (9th Cir. Aug. 19, 2026) (mandate). Petitioner filed the instant petition on September 3, 2026, (1) requesting that the court preemptively order his release if the Government is unable to effectuate his removal by November 17, 2026, which is the end of his 90-period of mandatory detention and (2) raising claims for conditions of confinement. (Pet.) The petition is now fully briefed and ripe for consideration.

## III. ANALYSIS

Although a habeas petition is the proper mechanism to challenge the legality of a noncitizen's detention pending removal, 28 U.S.C. § 2241(c)(3); *see also Zadvydas v. Davis*, 533 U.S. 678, 688 (2001), it is not the proper vehicle to bring claims that are speculative or otherwise not ripe for review, *Thomas v. Union Carbide Agr. Prods. Co.*, 473 U.S. 568, 580 (1985) (holding that the ripeness doctrine "prevent[s] courts, through premature adjudication, from entangling themselves in abstract disagreements").

The court denies the Petition for three reasons. First, Petitioner does not dispute that he is currently subject to mandatory detention. (Traverse at 2.) Second, Petitioner asks the court to issue an order contingent on the status of his removal after November 17, 2026. (*Id.*) Such a request is speculative and thus not the proper subject of a habeas petition. *Thomas*, 473 U.S. 568, 580 (1985). Finally, to the extent Petitioner seeks to bring a condition of confinement claim, (Pet. at 14-16), the court denies any such requests and incorporates the analysis from its prior order addressing the same subject. *See Anyanwu III*, at 6.

## IV. CONCLUSION

For the foregoing reasons, the court DENIES the petition for a writ of habeas corpus (Dkt. # 6).

Dated this 2nd day of November, 2026.

JAMES L. ROBART
United States District Judge